THE DONEY LAW FIRM
Scott Doney, Esq.
Bar No. 8049
4955 S. Durango Dr. Suite 165
Las Vegas, NV 89113
Tel.:  (702) 982-5686
Email:      scott@doneylawfirm.com

Attorney for Plaintiff Quantum Energy, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| QUANTUM ENERGY INC., <br><br> Plaintiff, <br><br> v. <br><br> PCS ADVISORS LLC and JOHN SUPROCK, <br><br> Defendants. | Case No. _____ <br><br> **VERIFIED COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff Quantum Energy Inc. ("QEGY", "Company", or "Plaintiff") as and for its complaint against Defendants PCS Advisors LLC ("Defendant PCS" or "PCS") and John Suprock ("Defendant Suprock" or "Suprock") (collectively, Defendants PCS and Suprock are referred to as "Defendants", collectively, Plaintiff and Defendants are referred to as "Parties"), alleges as follows.

**INTRODUCTION**

1. This action concerns Defendants' taking valuable consideration from Plaintiff in exchange for performance that was promised but never delivered.

2. As set forth in greater detail below, in early 2017, QEGY sought the aid of a shareholder, Suprock, to help the Company identify and secure business opportunities. The Parties entered into a "Referral Agreement" ("Agreement"), pursuant to which Defendants would "identify[] prospective, qualified individuals or entities interested in and capable of purchasing QEGY projects." **Exhibit 1** (Agreement) at 1. In return, QEGY would pay Defendants 850,000 shares of common stock and 3% of the net consideration QEGY received from the proceeds of a sale of any business project to an individual or entity introduced by Defendants. *See* Agreement) at ¶¶ 2.1, 2.2.

3. Since entering into the Agreement, Defendants have not introduced a single prospective, qualified individual or entity interested in and capable of purchasing a QEGY project ("Qualified Partners"), despite being issued the 850,000 shares of QEGY common stock.

4. Defendants have earned and retained improper gains by exploiting QEGY's mistaken belief that Defendants would fulfill the duties and obligations imposed on them by the Agreement to identify and introduce Qualified Partners to QEGY.

5. Defendants have materially breached the Agreement by sitting on their hands for years and reaping the benefits of the Agreement, made possible by the hard work and commitment of the new QEGY management team.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because QEGY is a Nevada corporation that maintains its principal place of business in this District and, therefore, a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

8. Plaintiff is a Nevada corporation that maintains its principal place of business at 3805 Rockbottom Street, North Las Vegas, Nevada 89030.

9. Upon information and belief, Defendant Suprock is a permanent resident, domiciled and therefore a citizen of the State of Arizona, that resides at 6209 E McKellips Rd., LOT 48, Mesa, Arizona 85215.

10. Defendant PCS is a Montana limited liability company that maintains its principal place of business at 2305 Wyoming Street, Missoula, Montana 59801.

11. At all times relevant to this action, Suprock was the Managing Member of PCS and had exclusive and complete domination and control over PCS, such that PCS was Suprock's *alter ego* and the acts of PCS as set forth in this Complaint are also the acts of Suprock.

## FACTUAL ALLEGATIONS

12. In early 2017, QEGY was in a financially troubled position and required assistance to locate suitable procuring investors and business partners.

13. Suprock, a shareholder of the Company, presented himself to the then-serving QEGY management team, suggesting that he could help the Company locate and secure business opportunities with Qualified Partners that would generate income for the Company.

### *The Agreement*

14. On March 30, 2017, QEGY and Suprock's company, PCS, entered into the Agreement, pursuant to which Defendants agreed to act as a finder and identify and introduce to Qualified Partners.

15. Under the Agreement, in exchange for acting as a "finder", QEGY would issue to Defendants 850,000 shares of QEGY stock as "initial compensation *for arranging meetings* with various potential Entities for the purpose of purchasing QEGY projects." Agreement at 1. (emphasis added).

16. In the event a meeting with a Qualified Partner introduced by Defendants resulted in a successful business transaction, Defendants would be entitled to additional compensation equal to 3% of the net sales generated from the business transaction. *See id.* at ¶ 2.2.

17. The parties further agreed that the Agreement would have a 10 year term, and could be terminated by either party upon 90 days prior written notice. *See id.* at ¶¶ 3.1, 3.2.

### *The Parties' Performance Under the Agreement*

18. Shortly after entry into the Agreement, QEGY, pursuant to Section 2.1 of the Agreement, issued 850,000 shares of QEGY common stock. *See* **Exhibit 2** (QEGY Board Resolution, dated April 11, 2017); **Exhibit 3** (QEGY Certified Shareholder List, effective December 3, 2021, reflecting issuance of Certificate No. 3293 on April 12, 2017 to Suprock for 850,000 shares).

19. In issuing the shares, QEGY fully discharged its duties and obligations under the Agreement.

20. On February 28, 2018, the Parties entered into a contract to terminate the Agreement. *See* **Exhibit 4** (Cancellation of Referral Agreement).

21. Between March 30, 2017 and February 28, 2018 — the period during which the Agreement was in effect — Defendants failed to identify and introduce to QEGY a single, prospective Qualified Partner.

22. Current QEGY management conducted a comprehensive search of its business records and found that, over a brief, 335-day period, Defendants did not introduce a single Qualified Partner to QEGY. *See* Agreement at 1.1 (obligating

1  Defendants to provide written notice to QEGY of any prospective, qualified business
2  partners).
3      23.   Accordingly, Defendants failed to perform their duties and obligations
4  under the Agreement.

### *Defendants' Ongoing Breach and QEGY's Quest for Financial Success*

   24.   On or about December 8, 2020, QEGY obtained new management who are committed to improving the Company's financial condition and value for the benefit of the Company and its stockholders, including Defendants.

   25.   QEGY's new management has undertaken a comprehensive review of the Company's outstanding business arrangements, including but not limited to the Agreement.

   26.   While conducting their review, QEGY management noticed that no business records indicate that Defendants have ever introduced QEGY to, and Defendants never arranged a meeting with, a Qualified Partner, despite QEGY records showing that Defendants were issued the initial compensation of 850,000 shares of QEGY common stock.  *See* **Exhibit 2**; **Exhibit 3**.

   27.   Aggravating this is that under the guidance of the new QEGY management, QEGY's common stock trading price has experienced a substantial increase, to the benefit of QEGY and its stockholders, including Defendants:



*Bloomberg Chart for QEGY Common Stock Trading Prices between November 2020 and December 2021*

28.  Despite Defendants' indisputably benefitting from the considerable increase in QEGY's trading price, Defendants utterly failed to perform their contractual obligations and identify and introduce Qualified Partners to QEGY.

## AS AND FOR A FIRST CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

29.  Plaintiff repeats, reiterates, and re-alleges each and every allegation of the Paragraphs 1 through 28 as though set forth herein.

30.  Plaintiff has performed all conditions, covenants, and promises required to be performed by Plaintiff in accordance with the terms of the Agreement.

31. Defendants have breached the Agreement by failing to introduce a single Qualified Partner to QEGY and/or arranging a single meeting with a Qualified Partner for the purpose of purchasing a QEGY business project.

32. As a direct and proximate result of Defendants' breaches of the Agreement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven in trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith & Fair Dealing

### (Against All Defendants)

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation of the Paragraphs 1 through 32 as though set forth herein.

34. Plaintiff has performed all conditions, covenants, and promises required to be performed by Plaintiff in accordance with the terms of the Agreement.

35. Defendants have breached the covenant of good faith and fair dealing implied in the Agreement by interfering with Plaintiff's right to receive the benefits of the Agreement, including by failing to introduce a single Qualified Partner to QEGY and/or arrange even a single meeting with a Qualified Partner for the purpose of purchasing a QEGY business project.

36. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing as aforesaid, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven in trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Unjust Enrichment

### (Against All Defendants)

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation of the Paragraphs 1 through 36 as though set forth herein.

38. Plaintiff has performed all conditions, covenants, and promises required to be performed by Plaintiff in accordance with the terms of the Agreement.

39. Plaintiff issued to Defendants 850,000 shares of QEGY common stock with an estimated open market value of $187,000.00 on the date of issuance and, as of the date hereof, have an estimated open market value of more than $355,000.00.

40. By reason of their conduct—including failing to introduce a single Qualified Partner to QEGY and/or arranging a single meeting with a Qualified Partner for the purpose of purchasing a QEGY business project—Defendants have profited and enriched themselves unjustly at the expense of and to the detriment of Plaintiff.

41. Defendants should not be permitted in equity and good conscience to retain for themselves the 850,000 shares of QEGY common stock that rightfully belong to Plaintiff.

42. By reason of the foregoing, Plaintiff is entitled to the imposition of a constructive trust over the 850,000 shares of QEGY common stock unjustly retained by Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Costs, Expenses, and Attorneys' Fees
### (Against All Defendants)

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation of the Paragraphs 1 through 42 as though set forth herein.

44. Plaintiff is entitled to reimbursement from Defendants of all costs, expensed, and attorney's fees (with interest thereon) incurred by Plaintiff in commencing and prosecuting this action, in an amount to be determined at trial. *See* Agreement at ¶ 6 ("[e]ach party shall indemnify … the other party … from and against any and all … *costs and expenses* (including without limitation interest, penalties, and attorney's fees and disbursements) which may at any time be suffered

or incurred by…directly or indirectly, on account of or in connection with: (i) such party's default under any provision herein, *breach of any representation or warranty herein, or failure in any way to perform any obligation hereunder…*"

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff QEGY seeks a Verdict and Judgment against each of the Defendants herein as follows:

a. Issuing a Judicial Declaration, pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, of the parties' contractual rights, duties, and obligations, including that Defendants breached the Agreement and Plaintiff performed its obligations under the Agreement;

b. Awarding Plaintiff monetary damages in an amount to be determined at trial;

c. Imposing a constructive trust and ordering Defendants to the 850,000 shares of QEGY common stock;

d. Ordering Defendants to pay Plaintiff its costs, expenses, and attorneys' fees, pursuant to Section 6 of the Agreement, and otherwise as allowable by law;

e. Awarding Plaintiff all pre-judgment interest allowable by law; and

f. Awarding Plaintiff such further relief as this Court may deem just and proper.

DATED:     December 10, 2021

/s/ *Scott Doney*
Scott Doney, Esq.
THE DONEY LAW FIRM
Bar No. 8049
4955 S. Durango Dr. Suite 165
Las Vegas, NV 89113
Tel.:       (702) 982-5686
Email:     scott@doneylawfirm.com

and

THE BASILE LAW FIRM, P.C.
Mark R. Basile, Esq. (to be admitted *pro hac vice*)
390 N. Broadway, Suite 140
Jericho, NY 11753
Tel.:       (516) 455-1500
Fax:       (631) 496-0478
Email:     mark@thebasilelawfirm.com

*Attorneys for Plaintiff Quantum Energy Inc.*

**DECLARATION PURSUANT TO 28 U.S.C. § 1746**

I, William Westbrook, state as follows:

1. I am the Chief Financial Officer of Quantum Energy Inc., Plaintiff in the present case.

2. I am a citizen of the United States of America and a resident of the State of Arizona.

3. Based on a diligent search of Plaintiff's business records, the factual statements in this Verified Complaint concerning the business dealings between Quantum Energy Inc., on the one hand, and PCS Advisors LLC and John Suprock, on the other hand, are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___7th___ day of December _____, 2021.

_____
WILLIAM WESTBROOK