UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Suprock, et al. | Case No.: 2:21-cv-02184-JAD-BNW |
| Plaintiffs | |
| v. | **Order Granting Motions to Strike Experts, Withdraw or Supplement Summary-Judgment Motion, and Strike Allegations; Denying Motion to Dismiss; and Denying Motion to Amend Complaint** |
| Quantum Energy, Inc., | |
| Defendant | [ECF Nos. 48, 49, 50, 54, 55] |

Plaintiffs John and Laurie Suprock and their companies, Renewable Energy Now, LLC and Consortium LLC, sue Nevada corporation Quantum Energy, Inc., alleging that it failed to issue to them shares of Quantum stock, cancelled other shares, and is preventing them from selling shares it did issue by refusing to remove a restrictive legend.[1] They bring five causes of action, including common-law claims for conversion and breach of contract, and seek declarations that the legend should be removed from their shares and that Quantum should issue the additional shares they seek.[2] Before the plaintiffs brought this suit, Quantum sued Suprock (and a non-party to this case) in an action before Judge Gloria Navarro, seeking to claw back his shares on the ground that Suprock failed to perform the agreement under which the shares were issued.[3] Judge Navarro and I consolidated the plaintiffs' suit with that first-filed action,[4] and I later dismissed Quantum's complaint, leaving only the plaintiffs' claims.[5]

---

[1] ECF No. 1 at ¶¶ 1, 3–4 in Case No. 22-cv-00494-JAD-BNW.
[2] *Id.* at ¶¶ 77–120.
[3] ECF No. 1 at ¶¶ 1–5.
[4] ECF No. 46 at 3.
[5] ECF No. 56 at 17.

Quantum now moves to dismiss the plaintiffs' common-law conversion claims, arguing that they are displaced by Nevada's Uniform Commercial Code statutory equivalents because they fail to allege misfeasance. I deny that motion because the complaint adequately alleges misfeasance, and I deny as moot the plaintiffs' motion to amend their complaint to swap out the common-law claims for statutory ones. I also deny as moot Quantum's argument that the plaintiffs should have brought their claims in the first-filed action, as the two cases are now consolidated. But I grant Quantum's motion to strike allegations that I find are irrelevant and scandalous. And I grant the plaintiffs' motion to withdraw their summary-judgment motion because, contrary to Quantum's contentions, additional information gleaned in discovery gives them good cause to do so. Finally, I grant the parties' cross motions to exclude experts because Quantum failed to produce its expert for deposition and the plaintiffs' expert report contains improper legal conclusions.

## Discussion

### I. Plaintiffs' motion to strike defendant's expert Brenda Hamilton is granted because Quantum failed to produce her for deposition. [ECF No. 48]

Plaintiffs seek to preclude the defendant from relying on the opinions of its putative expert Brenda Hamilton because, even though they "noticed [her] deposition" and repeatedly requested to schedule it, "Quantum's counsel never responded with a date or otherwise produced or offered to produce" her.[6] Quantum counters that Hamilton is not a party, officer, director, or managing agent under Federal Rule of Civil Procedure (FRCP) 37, so the plaintiffs should have subpoenaed (rather than noticed the deposition of) Hamilton.[7] It also contends that the plaintiffs

---

[6] ECF No. 48 at 2.
[7] ECF No. 57 at 2.

2

"are playing a procedural game in an attempt to strike" Hamilton and "never intended to depose" her, noting that they knew Hamilton would be unavailable before the expert-deposition deadline and opposed extending that deadline.[8]

Quantum casts its aspersions in the wrong direction. As the plaintiffs argue,[9] they properly noticed Hamilton's deposition under Rule 26(b)(4)(A), which allows a party to "depose any person who has been identified as an expert whose opinions may be presented at trial."[10] As they also point out,[11] the magistrate judge already considered this issue and directed the parties to agree on a date for Hamilton's deposition.[12] Quantum's attempt to point the finger at the plaintiffs is belied by the record: plaintiffs repeatedly attempted to schedule the deposition—including after the hearing before the magistrate judge—and Quantum failed to offer dates.[13] Because the inability to depose a designated expert prejudices the plaintiffs, as the discovery deadline has passed, and because Quantum failed to comply with the magistrate judge's instruction, I grant the plaintiffs' motion to preclude Hamilton from being offered as an expert in this case.[14]

---

[8] *Id.*

[9] ECF No. 62 at 2.

[10] Fed. R. Civ. P. 26(b)(4)(A).

[11] *See, e.g.*, ECF No. 48-1 at 14; ECF No. 62 at 2–3.

[12] ECF No. 62-1 at 38.

[13] *Id.* at 9.

[14] Quantum also concedes that "experts are improper in this case" because they offer legal conclusions, ECF No. 57 at 2, and I also strike its expert on that alternative basis.

## II. Developments after plaintiffs filed their summary-judgment motion warrant rebriefing.  [ECF No. 50]

Plaintiffs seek permission to supplement or withdraw their summary-judgment motion, noting that Judge Navarro stayed the deadline for Quantum's response until the close of discovery, "helpful information that would support their motion . . . arose during discovery," and the circumstances of the case have changed.[15]  Though Quantum complains that the plaintiffs fail to show good cause to supplement their briefing under Local Rule 7-2,[16] I find that the new information gleaned during discovery and the changed circumstances demonstrate good cause. Also, despite Quantum's contention that supplemental briefing will prejudice it because it has already "expend[ed] time, resources, and money working on its response,"[17] those items were probably well spent, as any drafts and research will likely be helpful in responding to arguments in the current summary-judgment motion or any additional arguments that the plaintiffs may add. And, as the plaintiffs argue,[18] nothing bars them from filing a second motion for summary judgment, so permitting withdrawal or supplementation of the first one in lieu of addressing two summary-judgment motions will reduce the time and resources that the parties and the court will expend.  So I grant the plaintiffs' motion, deem their motion withdrawn, and permit them to file a new summary-judgment motion by July 7, 2023.

---

[15] ECF No. 50 at 3.
[16] ECF No. 59 at 2 (citing L.R. 7-2(g)).
[17] *Id.* at 3.
[18] ECF No. 61 at 2–3.

### III. Plaintiffs may not offer Keith Stein's expert opinions as they are nothing but legal opinion.  [ECF No. 54]

Quantum moves to strike the opinions of the plaintiffs' putative expert Keith Stein, an attorney specializing in securities regulation,[19] because his report merely "explain[s] what the law is . . . and then appl[ies] the facts . . . to the law" and so constitutes improper legal opinion.[20] Plaintiffs counter that, "in the complex space involving securities registration, registration exemptions, and other similar matters, courts routinely permit expert testimony on such subjects even if it touches upon the law, given the need for a jury to understand federal securities requirements."[21]  But the characterization that Stein's report merely "touches upon the law" sells it short.  It reads more like an amicus brief than an expert report,[22] written to opine on the legal issue at the heart of this case: whether the plaintiffs' "[s]hares may be sold into the public markets without prior registration . . . with the removal of the restrictive legend or stop[-]transfer orders on the [s]hares."[23]  Stein's report is also replete with subsidiary legal conclusions, legal

---

[19] ECF No. 54-1 at ¶ 1.

[20] *Id.* at 2.

[21] ECF No. 54-2 at 3.  Plaintiffs primarily rely on three cases, all from outside the Ninth Circuit and none of which permits an expert to essentially argue why its client is right on the law and should win.  *Id.* at 4–5.  *See United States v. Offill*, 666 F.3d 168, 173–74 (4th Cir. 2011) (noting that experts would not give "opinions as to conduct being illegal manipulation, or that a party has acted unlawfully, or that an entity or individual is liable"); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (noting that "the government's expert . . . did not give his opinion as to whether [the defendant's] actions violated the securities laws" and the "testimony was general background on federal securities regulation and the filing requirements of Schedule 13D, which he presented by referring to a blank form"); *Peckham v. Cont'l Cas. Ins. Co.*, 895 F.2d 830, 837 (1st Cir. 1990) (holding that attorney-experts could "shed light" on "custom and usage" in insurance context).

[22] *See, e.g., Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1044 (D. Ariz. 2005) (striking similar expert opinion because the "proffered testimony constitutes inadmiss[i]ble legal opinion").

[23] ECF No. 54-1 at 13.

citations, and legal argument.[24]  So I find that Stein's report is nothing more than a legal opinion dressed up as an expert one, and I grant Quantum's motion to strike it.[25]

### IV. Quantum's motion to dismiss the plaintiffs' conversion claims is denied because they adequately allege that Quantum's conduct amounted to misfeasance.[26] [ECF No. 55]

Quantum seeks dismissal of the plaintiffs' conversion claims, arguing that Nevada Revised Statute § 104.8401, which governs stock transfers, displaces that common-law claim.[27] It presses that, though "allegations . . . consistent with misfeasance" may state a "common[-]law claim for conversion," claims based solely on nonfeasance "are governed by the statutory scheme alone."[28]  Plaintiffs respond that, even assuming that the defendant's nonfeasance-misfeasance dichotomy is right, their "conversion claims reflect[] . . . active misfeasance," pointing to allegations in the complaint that Quantum, among other things, "direct[ed] [the transfer agent] not to remove the legend," improperly removed itself from reporting requirements

---

[24] *See, e.g., id.* at 17 (opining that "Quantum should remove the 'restricted' legend on plaintiffs' shares under Section 4(a)(1)" of the Securities Act of 1933), ¶ 44 ("Quantum fails to explain how having a contractual obligation to an issuer, for which the issuer provides stock as consideration, gives rise to affiliate status.") (emphasis removed).

[25] *United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) ("The trial court's exclusion of the expert testimony to the extent that it constituted a legal opinion was well within its discretion."); *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("The district court concluded that [the] opinion provided only a recitation of facts and the legal conclusion that [the] defendant] acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law.  This is not a proper expert opinion.").

[26] Quantum also moves to dismiss the plaintiffs' claims because they were filed in the later action even though that action and this one arise out of the same transaction and occurrence and so the plaintiffs should have lodged their claims as counterclaims in the first-filed action.  ECF No. 55-1 at 3–5.  Since Quantum filed its motion, that separate action and the first-filed action have been consolidated under the first action, so I deny this motion as moot.

[27] ECF No. 55-1 at 6–7.

[28] *Id.* at 7.

and took other affirmative actions to prevent them from selling shares, and "cancelled [their] shares without basis."[29]

Though Quantum contends that the "[p]laintiffs do not actually care about any of the actions they complain" about except for its refusal to "remove the restrictive legend,"[30] I must accept the plaintiffs' well-pled allegations as true at this stage of the litigation.[31] The Supreme Court of Nevada has explained that, while "[n]onfeasance is the substantial failure to perform a required legal duty[,] [m]isfeasance is the doing in a wrongful manner of that" legal duty.[32] Applying those definitions, I find that the plaintiffs adequately allege that Quantum's actions went beyond mere nonfeasance, so I deny Quantum's motion to dismiss.[33]

**V.  Quantum's motion to strike the plaintiffs' irrelevant and scandalous allegations is granted.[34]  [ECF No. 55]**

Quantum lastly moves to strike from the complaint what it contends are baseless and irrelevant "allegations including criminal conduct, looting, fugitive status, and criminal and civil contempt in relation to a company and persons not party to this case."[35] Rule 12(f) gives the district court discretion to "strike from a pleading . . . any redundant, immaterial, impertinent,

---

[29] ECF No. 55-2 at 15 (citing ECF No. 1 at ¶¶ 44–45, 51–52).

[30] ECF No. 55-3 at 6.

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[32] *Schumacher v. State ex rel. Furlong*, 370 P.2d 209, 211 (Nev. 1962).

[33] In their opposition and a separate motion, plaintiffs request leave to amend to add statutory claims if I dismiss the common-law ones. ECF No. 49 at 2, 4 n.2; ECF No. 55-2 at 16. Because I deny the motion to dismiss, I deny as moot the plaintiffs' motion to amend their complaint.

[34] Quantum combined its motions to dismiss and strike, but Local Rule 2-2 requires that "[f]or each type of relief requested or purpose of the document, a separate document must be filed." I nonetheless consider both motions as they both relate directly to the complaint, plaintiffs did not raise this issue, and I find that they were not prejudiced by the joining of the motions.

[35] ECF No. 55-1 at 8 (citing ECF No. 1 at ¶¶ 6–7).

and scandalous matter."[36]  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[37]

The plaintiffs argue that "[t]he prior conduct of those who are currently running Quantum and their motivations are relevant to [p]laintiffs' allegations, for example, that Quantum has refused to issue additional shares . . . in bad faith," citing paragraph 103 of the complaint.[38]  That paragraph falls under the plaintiffs' breach-of-contract claim against Quantum.[39]  But the elements of such a claim are (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach.[40]  And the reference to extortion in paragraph 6 and the allegations in paragraph 7 are not relevant to any of those elements and are also scandalous, so I grant Quantum's motion to strike the phrase "that Quantum kept trying to extort Suprock to enter into" in paragraph 6 and the entirety of paragraph 7.[41]

**CONCLUSION**

IT IS THEREFORE ORDERED that the plaintiffs' motion to strike defendant's expert **[ECF No. 48] is GRANTED**.  Quantum may not offer Brenda Hamilton's expert opinions in this case.

---

[36] *Whittlestone, Inc. v. Hand-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing Fed. R. Civ. P. 12(f)).

[37] *Id.* (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted).

[38] ECF No. 55-2 at 16.

[39] ECF No. 1 at 15–16.

[40] *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (citation omitted); *see also Richardson v. Jones*, 1 Nev. 405, 408 (1865).

[41] ECF No. 1 at ¶¶ 6–7 in Case No. 22-cv-00494-JAD-BNW.

IT IS FURTHER ORDERED that the plaintiffs' motion to amend their complaint **[ECF No. 49] is DENIED**.

IT IS FURTHER ORDERED that the plaintiffs' motion to withdraw their summary-judgment motion **[ECF No. 50] is GRANTED**.  Plaintiffs must file any new summary-judgment motion by July 7, 2023.

IT IS FURTHER ORDERED that the defendant's motion to strike the plaintiffs' expert **[ECF No. 54] is GRANTED**.  Plaintiffs may not offer Keith Stein's expert opinions in this case.

IT IS FURTHER ORDERED that the defendant's motion to dismiss **[ECF No. 55] is DENIED**.

IT IS FURTHER ORDERED that the defendant's motion to strike allegations **[ECF No. 55] is GRANTED**.  The court strikes from the complaint at ECF No. 1 in Case No. 22-cv-00494-JAD-BNW paragraph 7, along with the phrase "that Quantum kept trying to extort Suprock to enter into" in paragraph 6.

_____
U.S. District Judge Jennifer A. Dorsey
June 9, 2023